UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
By: Brian W. Hofmeister, Esq.
691 State Highway 33
Trenton, New Jersey 08619
(609) 890-1500
(609) 8980-6961 - facsimile
bwh@hofmeister firm.com
Attorneys for Debtor

In Re:

AMERICAN BOYCHOIR SCHOOL

Case No.: 15-16475

Hearing Date: April 14, 2015

Judge:

**DEBTOR'S MOTION FOR AN ORDER; (i) AUTHORIZING DEBTOR TO (A) SATISFY , AND, TO THE EXTENT APPLICABLE, DIRECTING PAYROLL COMPANY TO HONOR, PRE-PETITION GROSS SALARIES, PAYROLL TAXES AND RELATED EMPLOYEE BENEFIT OBLIGATIONS TO THE DEBTOR'S EMPLOYEES AND (B) TO HONOR, IN THEIR DISCRETION, PRE-PETITION SICK, VACATION AND PERSONAL DAYS; AND (ii) GRANTING RELATED RELIEF**

American Boychoir School ("Debtor"), by and through its undersigned counsel, hereby move before this Court for entry of an Order: (i) authorizing Debtor to (A) Satisfy, and, to the extent applicable, directing payroll company to honor, pre-petition gross salaries, payroll taxes and related employee benefit obligations to the Debtor's employees and (B) to honor, in their discretion, pre-petition sick, vacation and personal days; and (ii) granting other relief.  In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion under 28 U.S.C.§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The statutory and legal predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 366.

## BACKGROUND

3.     On April 10, 2015, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

4.     The Debtor continue to operate its business and manage its property as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustees, examiners, or creditors' committee have been appointed in the Debtor's bankruptcy cases.

5.     The Debtor is a non-profit educational institution.

6.     The Debtor currently has approximately fifteen (15) hourly employees and twenty-three (23) salaried employees.  By this Motion, the Debtor seeks authority to honor, in the ordinary course of business, certain payroll and related obligations to its employees owed as of the Filing Date.  The Debtor also seeks an Order allowing it to continue, in its sole discretion, all employee health and benefit plans and programs in effect as of the Filing Date (other than benefits that might be due pursuant to written agreements signed with the Debtor such as, for example, deferred compensation or stock option agreements, which the Debtor will address by separate motion.

### A.     Debtor's Bi-Weekly Salary and Related Payroll Obligations

7.     In the ordinary course of business, the Debtor incurs payroll obligations to its employees for the performance of services.  The Debtor remits salary on a bi-weekly bases to its employees.  The bi-weekly payroll for the period April 1, 2015 through and including April 10, 2015 (the "Bi-Weekly Payroll") in the sum of $33,868.56 is due to the salaried employees on April 15, 2015.  As to the 15 hourly employees, each of them are owed less than $50.00 each for a maximum total of $750.00 and, therefore, as of the Filing Date, need to be fully funded and remitted to a bank account maintained by the Debtor. See attached Exhibit "A".

8.     The Debtor is required by law to withhold from an employee's wages amounts related to federal and state taxes, social security and Medicare taxes (collectively, the "Trust Fund Taxes"), and to remit the Trust Fund Taxes to the appropriate taxing authorities (collectively, the "Taxing Authorities").  The Debtor calculates the withholding taxes and remits them to the appropriate Taxing Authorities in connection with each processed payroll. Additionally, the Debtor is obligated to match from their own funds the social security and Medicare taxes and remit

2

to the Taxing Authorities, based on a percentage of gross payroll, additional amounts for state and federal unemployment insurance (collectively, the "Employer Payroll Taxes" and, together with the Trust Fund Taxes, the "Payroll Taxes").

## B.    Employee Benefits

9.     The Debtor maintains an employee benefit policy pursuant to which employees are provided with certain specific personal days, sick time, vacation and holiday pay (collectively, the "Total Benefit Days").  It is likely that many of the Debtor's employees have accrued and unused Total Benefit Days as of the Filing Date.

## RELIEF REQUESTED AND BASIS THEREFOR

10.     Give the timing of the Debtor's Chapter 11 filing, the Pre-Petition Payroll and the Payroll Taxes constitute pre-petition obligations of the Debtor.  The Debtor seeks an Order authorizing payment of the Pre-Petition Payroll and Payroll Taxes, as well as authority to continue paying and/or otherwise honoring the other ordinary employee benefits enumerated above (collectively, the "Payroll Obligations").

11.     To the extent necessary, the Debtor also request entry of an Order directing the Debtor  to honor all outstanding checks and electronic wire transfer requests evidencing the Payroll Obligations.

12.     The Debtor submit that the relief the Debtor seeks herein is authorized pursuant to Section 363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  The relief sought by the Motion is further justified by the Court's broad equitable powers under Section 105 of the Bankruptcy Code.

13.     Section 105(a) of the Bankruptcy Code empowers the Bankruptcy Court to "[i]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of . . ." the Bankruptcy Code.  As one Court observed:

> The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept.  It was first articulated by the United States Supreme Court in Miltenberger v. Logansport, C. & S.W.R. Co., 106 U.S. 286, 1 S. Ct. 140, 27 L. Ed. 117 (1882) and is commonly referred to as either the "doctrine of necessity" or the "necessity of payment" rule.  This rule recognizes

> the existence of the judicial power to authorize a debtor in a
> reorganization case to pay pre-petition claims where such payment
> is essential to the continued operation of the Debtor.

In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).  Accord In re Lehigh & New England

Ry. Co., 657 F. 2d. 570, 581 (3d Cir. 1981) (quoting In re Penn Central Transp. Co., 467 F. 2d. 100, 102, n.1 (3d

Cir. 1972) (the "necessity of payment" doctrine permits the debtor's business until their pre-petition claims are

paid)).  Application of the "necessity of payment" doctrine here establishes that the Debtor should be authorized

to honor its pre-petition payroll and related obligations.

14.    First, if the Debtor is not authorized to pay its outstanding pre-petition obligations to the employees,

the Debtor's relationship with its employees will be adversely affected and the employees' morale, dedication,

confidence and cooperation might be irreparably compromised.  The employees' support of the Debtor's

reorganization efforts is crucial and cannot be jeopardized.  Allowing the Debtor to satisfy the Pre-Petition Payroll

and honor its ordinary Employee Benefits and entitlements will instill confidence in the Debtor's employees that

the Debtor is in a position to satisfy, and intend to satisfy, its post-petition payroll and related obligations and will

ensure that the Debtor has a sufficient support system to operate in and ultimately emerge from Chapter 11.

15.    Equally important, absent an Order granting the relief requested in the Motion, the employees will

suffer significant financial hardship.  Many of the Debtor's employees live from paycheck to paycheck and rely

exclusively on receiving their full compensation from the Debtor to pay their daily living expenses.  Denying them

their pre-petition salaries will be detrimental and unjust.

16.    Finally, payment of the Debtor's pre-petition payroll obligations will not prejudice other creditors

of the Debtor's estate as the employees, in any event, are entitled to priority status under Section 507(a)(4) of the

Bankruptcy Code with respect to such obligations of the Debtor and payment in full pursuant to a plan of

reorganization.  See 11 U.S.C. § 1129(a)(9)(B).

17.    With respect to the Payroll Taxes, the payment of such taxes also will not prejudice the Debtor's

other creditors as the relevant Taxing Authorities generally would hold priority claims under Section 507(a)(8) of

the Bankruptcy Code with respect to such obligations and are entitled to payment in full pursuant to a plan of

reorganization.  See 11 U.S.C. § 1129(a)(9)(C).  Moreover, the portion of the Payroll Taxes withheld from an

employee's wages on behalf of the applicable Taxing Authority are held in trust by the Debtor.  As such, that portion

of the Payroll Taxes is not property of the Debtor's estate under Section 541 of the Bankruptcy Code.  See, e.g.,

Begier v. IRS, 496 U.S. 53, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990).

18.     For all these reasons and authorities, the Debtor respectfully submits that ample cause exists to grant

the Debtor the relief requested in the Motion.

## NOTICE

19.     No trustees, examiners, or creditors' committees have been appointed in the Debtor's Chapter 11

case.  Notice of this Application has been given to (i) the United States Trustee; (ii) the Debtor's Twenty (20)

Largest Unsecured Creditors; (iii) Internal Revenue Service; and (iv) State of New Jersey, Division of Taxation.

In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made to this or to any other Court.

## WAIVER OF BRIEF

21.     As no novel issue of law is raised and the relevant authorities relied upon by the Debtor is set forth

herein, the Debtor respectfully requests that the requirements of D.N.J. LBR 9013-2 that briefs must be filed be

waived.

WHEREFORE, Debtor respectfully requests that the Court enter an Order: (i) authorizing Debtor to (A)

Satisfy, and, to the extent applicable, directing payroll company to honor, pre-petition gross salaries, payroll taxes

and related employee benefit obligations to the Debtor's employees and (B) to honor, in their discretion, pre-petition

sick, vacation and personal days; and (ii) granting such other and further relief as the Court deems just and equitable.

LAW FIRM OF BRIAN W. HOFMEISTER, LLC
Counsel for American Boychoir School


By:     */s/Brian W. Hofmeister*
         Brian W. Hofmeister

Dated: April 10, 2015